THE STATE EX REL. THE LOGAN DAILY NEWS *v.* JONES, SHERIFF.

[Cite as *State ex rel. The Logan Daily News
v. Jones* (1997), 78 Ohio St.3d 322.]

(No. 96–1630—Submitted March 4, 1997—Decided April 30, 1997.)

*Frost & Jacobs* and *Richard M. Goehler*, for relator.

*Charles A. Gerken*, Hocking County Prosecuting Attorney, for respondent.

*Per Curiam.* Relator acknowledges that Sheriff Jones has now provided the requested records. Consequently, relator's request for a writ of mandamus is moot and is denied. *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 661 N.E.2d 1049.

Relator requests attorney fees pursuant to *Pennington.* In *Pennington*, at the syllabus, we held that "[a] court may award attorney fees pursuant to R.C. 149.43 where (1) a person makes a proper request for public records pursuant to R.C. 149.43, (2) the custodian of the public records fails to comply with the person's request, (3) the requesting person files a mandamus action pursuant to R.C. 149.43 to obtain copies of the records, and (4) the person receives the requested public records only after the mandamus action is filed, thereby rendering the claim for a writ of mandamus moot."

We may thus exercise our discretion and award attorney fees if the four *Pennington* factors are established.

Initially, we must determine whether relator made a proper request for public records under R.C. 149.43. Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act. *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 28, 661 N.E.2d 180, 184. The incident reports requested by relator are not exempt from disclosure. *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, paragraph five of the syllabus ("Routine offense and incident reports are subject to immediate release upon request."). Therefore, relator's requests were proper.

In addition, the third and fourth *Pennington* requirements for an attorney fee award are present here. Relator filed this mandamus action to obtain copies of the requested records, and it received the records only after this action was filed. Therefore, the dispositive issue is whether relator established the second *Pennington* prerequisite for attorney fees in a public records action rendered moot by disclosure of the records after filing, *i.e.*, that Sheriff Jones failed to comply with relator's records requests.

Sheriff Jones erroneously refused relator's requests to inspect and copy incident report No. 96–0814. Nevertheless, it remains unclear whether Sheriff

Jones refused to comply with relator's requests for access to the other five incident reports. Relator was not entitled to incident reports prior to their completion. Cf. *State ex rel. Fant v. Mengel* (1991), 62 Ohio St.3d 197, 198, 580 N.E.2d 1085, 1086 ("The Public Records Act, R.C. 149.43, does not require that a public office create new documents to meet a requester's demand."). In addition, the evidence indicates that after these reports were completed, Sheriff Jones diligently attempted to comply with relator's requests and that relator's failure to inspect the reports was attributable to relator's inaction. See *State ex rel. Leonard v. White* (1996), 75 Ohio St.3d 516, 517, 664 N.E.2d 527, 528–529 ("In order to comply with R.C. 149.43, custodians need only make public records available for inspection at all reasonable times during regular business hours, and make copies available upon request at cost, within a reasonable period of time."). While relator contends that "it would not seem unreasonable for the sheriff's office to leave the reports in the news media folder" pursuant to a "long-standing request * * * to view all reports," there is no indication that either of relator's representatives expressly requested such placement of the reports by the sheriff's office.

Based on the foregoing, relator has not established that Sheriff Jones refused to comply with its requests to inspect five of the six incident reports. Accordingly, relator's action is largely meritless, and relator is not entitled to an award of attorney fees. *Pennington, supra; Leonard,* 75 Ohio St.3d at 519, 664 N.E.2d at 530; *State ex rel. Lewis v. Collins* (1996), 76 Ohio St.3d 1471, 669 N.E.2d 854.

Accordingly, we deny the writ of mandamus based on mootness and deny relator's request for attorney fees.

*Writ denied.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.