THE STATE EX REL. NIX ET AL. *v.* CITY OF CLEVELAND ET AL.

[Cite as *State ex rel. Nix v. Cleveland* (1998), 83 Ohio St.3d 379.]

(No. 98–68—Submitted August 19, 1998—Decided October 14, 1998.)

380

*Harold Pollock Co., L.P.A.,* and *Harold Pollock,* for relators.

*Sylvester Summers, Jr.,* Director of Law, and *Kathleen A. Martin,* Chief Trial Counsel, for respondents.

---

***Per Curiam.*** Relators assert that they are entitled to a writ of mandamus compelling respondents to provide access to the requested records under R.C. 149.43.

Initially, to the extent that relators' requests encompass the PCIR Unit investigative file, their claim is barred by *res judicata. State ex rel. Russo v. Deters* (1997), 80 Ohio St.3d 152, 154, 684 N.E.2d 1237, 1238–1239. We previously held that this investigative file is exempt from disclosure under R.C. 149.43. *Master,* 76 Ohio St.3d 340, 667 N.E.2d 974.[2]

In addition, relators' claims are moot insofar as they request access to records that they either already possessed at the time they filed this action, *e.g.,* correspondence and filings in the wiretapping cases, or that they now have as a result of respondents' subsequent transmission of certain records, *e.g.,* bills and checks related to the private law firm's representation of O'Malley. *State ex rel. Gannett Satellite Info. Network v. Shirey* (1997), 78 Ohio St.3d 400, 401, 678 N.E.2d 557, 559–560.

Further, relators are not entitled to access to records that do not exist. R.C. 149.43 does not require that a public office create new documents to meet a demand for records. *State ex rel. Fant v. Mengel* (1991), 62 Ohio St.3d 197, 198, 580 N.E.2d 1085, 1086.

Having held that relators are not entitled to a writ of mandamus to compel access to most of the requested records, we now examine relators' entitlement to

---

2. Despite the breadth of relators' requests, they state in their merit brief that they "seek to obtain City documents different from those which were sought in *Master.*"

the remaining records, which respondents claim are exempt from disclosure based on attorney-client privilege and the R.C. 149.43(A)(4) trial-preparation exemption. Relators contend that respondents waived these exemptions by not properly raising them.

Respondents, however, did not waive these exemptions. Exemptions are usually fully applicable absent evidence that the public office having custody of the records disclosed the records to the public. *State ex rel. Gannett Satellite Info. Network, Inc. v. Petro* (1997), 80 Ohio St.3d 261, 265, 685 N.E.2d 1223, 1227. R.C. 149.43 exemptions are not affirmative defenses that must be raised in an answer to avoid waiver. *State ex rel. Plain Dealer Publishing Co. v. Cleveland* (1996), 75 Ohio St.3d 31, 33–34, 661 N.E.2d 187, 189–190. Respondents did not disclose the remaining records to the public, and even though they were not required to do so, they raise the claimed exemptions in their answer. Contrary to relators' assertion, respondents were not required to submit a "privilege log" in order to preserve their claimed exemptions. Cf. *Guy v. United Healthcare Corp.* (S.D.Ohio 1993), 154 F.R.D. 172.

The attorney-client privilege, which respondents claim applies, exempts some of the remaining requested records. R.C. 149.43(A)(1)(p) defines "public record" as "any record that is kept by any public office * * * except * * * [r]ecords the release of which is prohibited by state or federal law." The attorney-client privilege, which covers records of communications between attorneys and their government clients pertaining to the attorneys' legal advice, is a state law prohibiting release of these records. *TBC Westlake, Inc. v. Hamilton Cty. Bd. of Revision* (1998), 81 Ohio St.3d 58, 62–63, 689 N.E.2d 32, 36; *State ex rel. Thomas v. Ohio State Univ.* (1994), 71 Ohio St.3d 245, 249, 643 N.E.2d 126, 130. The attorney notes of conversations between Cleveland Law Department attorneys and city employees named in relators' wiretapping litigation are thus privileged, as are those employees' requests to the law department for representation. "Where a person approaches an attorney with the view of retaining his services to act on the former's behalf, an attorney-client relationship is created, and communications made to such attorney during the preliminary conferences prior to the actual acceptance or rejection by the attorney of the employment are privileged communications." *Taylor v. Sheldon* (1961), 172 Ohio St. 118, 15 O.O.2d 206, 173 N.E.2d 892, paragraph one of the syllabus; *David v. Schwarzwald, Robiner, Wolf & Rock Co., L.P.A.* (1992), 79 Ohio App.3d 786, 798, 607 N.E.2d 1173, 1180.

Nevertheless, relators claim that the attorney-client privilege does not preclude disclosure of any of the requested records because they fit under the crime-fraud exception to the privilege. A communication is excepted from the attorney-client privilege if it is undertaken for the purpose of committing or continuing a crime or fraud. *United States v. Collis* (C.A.6, 1997), 128 F.3d 313, 321; *State v.*

*Bissantz* (1982), 3 Ohio App.3d 108, 110, 3 OBR 123, 125, 444 N.E.2d 92, 95, quoting *State v. Mullins* (1971), 26 Ohio App.2d 13, 18, 55 O.O.2d 30, 32, 268 N.E.2d 603, 606 (" 'A privileged communication may be a shield of defense as to crimes already committed, but it cannot be used as a sword or weapon of offense to enable persons to carry out contemplated crimes against society.' "). A party invoking the crime-fraud exception must demonstrate that there is a factual basis for a showing of probable cause to believe that a crime or fraud has been committed and that the communications were in furtherance of the crime or fraud. *United States v. Jacobs* (C.A.2, 1997), 117 F.3d 82, 87. The mere fact that communications may be related to a crime is insufficient to overcome the attorney-client privilege. *Id.* at 88, quoting *United States v. White* (C.A.D.C. 1989), 887 F.2d 267, 271.

Relators failed to introduce sufficient, credible evidence to overcome the attorney-client privilege based on the crime-fraud exception. An *in camera* inspection is unnecessary. See *Jacobs,* 117 F.3d at 87 ("Once there is a showing of a factual basis, the decision whether to engage in an *in camera* review of the evidence lies in the discretion of the * * * court."). Relators' evidence consists mostly of affidavits replete with allegations based on belief and speculation rather than on personal knowledge. Affidavits filed in original actions in this court should be based on personal knowledge, setting forth facts admissible in evidence, and showing affirmatively that the affiant is competent to testify to all matters stated therein. See S.Ct.Prac.R. X(7); *State ex rel. Alben v. State Emp. Relations Bd.* (1996), 76 Ohio St.3d 133, 135, 666 N.E.2d 1119, 1123; cf. Civ.R. 56(E); Evid.R. 602; *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 223, 631 N.E.2d 150, 155. For example, one piece of evidence that relators place substantial reliance on is the statement from an unknown source that O'Malley accomplished the wiretapping by using his friend to install the equipment. This is inadmissible hearsay. See, *e.g., State ex rel. Rogers v. Taft* (1992), 64 Ohio St.3d 193, 197, 594 N.E.2d 576, 579. The rest of relators' evidence, including arguable inconsistencies between certain witnesses' testimony in various wiretapping cases, also fails to establish a factual basis for relators' claims of crime or fraud.

The remainder of the requested records are exempt from disclosure as trial-preparation records. " 'Trial preparation record' means any record that contains information that is specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney." R.C. 149.43(A)(4); *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 431– 432, 639 N.E.2d 83, 92. The remaining records, *i.e.,* attorney notes of trial proceedings, status reports concerning wiretapping cases, and legal research conducted by the law department, were specifically compiled in reasonable

anticipation of, or in defense of, the numerous civil actions brought by relators against Cleveland and various Cleveland employees.

Based on the foregoing, relators are not entitled to the requested extraordinary relief in mandamus. Relators are also not entitled to an award of attorney fees because their records requests were largely meritless. See, e.g., *State ex rel. Logan Daily News v. Jones* (1997), 78 Ohio St.3d 322, 324, 677 N.E.2d 1195, 1197; *State ex rel. Leonard v. White* (1996), 75 Ohio St.3d 516, 519, 664 N.E.2d 527, 530. Accordingly, we deny the writ.

*Writ denied.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK and PFEIFER, JJ., dissent.