THE STATE EX REL. RUSSELL ET AL., *v.* THOMAS ET AL.

[Cite as *State ex rel. Russell v. Thomas* (1999), 85 Ohio St.3d 83.]

(No. 98–43—Submitted January 26, 1999—Decided March 24, 1999.)

*E. Dennis Muchnicki* and *Richard R. Renner,* for relators.

*Hanlon, Duff, Paleudis & Estadt Co., L.P.A.,* and *Gerald P. Duff,* for respondents.

**Per Curiam.**

R.C. 149.43; Mandamus

Relators requested a writ of mandamus to compel respondents to provide access to the various records. As the parties apparently concede, this mandamus

claim is now moot because of the parties' settlement agreement, which provides relators with access to the requested records. *State ex rel. Thomson v. Doneghy* (1997), 80 Ohio St.3d 222, 685 N.E.2d 537. Therefore, we deny the writ of mandamus based on mootness.

## Request for Attorney Fees

Relators also request attorney fees. Under *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 661 N.E.2d 1049, syllabus, "A court may award attorney fees pursuant to R.C. 149.43 where (1) a person makes a proper request for public records pursuant to R.C. 149.43, (2) the custodian of the public records fails to comply with the person's request, (3) the requesting person files a mandamus action pursuant to R.C. 149.43 to obtain copies of the records, and (4) the person receives the requested public records only after the mandamus action is filed, thereby rendering the claim for a writ of mandamus moot."

Relators made proper requests for public records under R.C. 149.43, and respondents failed to comply with these requests. Despite respondent Thomas's written refusal of access to the records because relators' requests were "too broad," the requests were sufficiently specific. See, *e.g., State ex rel. Wadd v. Cleveland* (1998), 81 Ohio St.3d 50, 54, 689 N.E.2d 25, 29; *State ex rel. Warren Newspapers, Inc. v. Hutson* (1994), 70 Ohio St.3d 619, 624, 640 N.E.2d 174, 179. Relators did not request "complete duplication" of EORWA's files. *Wadd,* 81 Ohio St.3d at 54, 689 N.E.2d at 29. EORWA's confidentiality provision in its employee handbook did not alter the public status of the requested records. *State ex rel. Findlay Publishing Co. v. Hancock Cty. Bd. of Commrs.* (1997), 80 Ohio St.3d 134, 137, 684 N.E.2d 1222, 1225. Nor were respondents Thomas and Pollock, as they asserted in their motion to dismiss, relieved of their public records duties under R.C. 149.43 because they were not "governmental units." R.C. 149.43(C) expressly authorizes aggrieved parties to bring a public records action against "person[s] responsible for the public record" in addition to governmental units. This conclusion is further supported by the fact that respondent Thomas was the EORWA employee who rejected relators' record requests. The parties' settlement agreement also refers to the requested records as public records.

In addition, the one-dollar-per-page charge for copies of EORWA's public records did not represent respondents' actual copying costs. *Warren Newspapers,* 70 Ohio St.3d at 625–626, 640 N.E.2d at 180; *State ex rel. Heyduk v. Westlake* (Mar. 13, 1996), Cuyahoga App. No. 69443, unreported, 1996 WL 112451 ("[T]his court declines to sanction a charge of 25 cents per page for a copy of a public record. The respondent may charge only the actual cost.").

Relators also satisfied the remaining *Pennington* requirements. In other words, they were provided access to the requested records only after they filed

this mandamus action. In this regard, although respondents claimed in their answer and memorandum in opposition to the writ that relators had received some of the requested records through their attorneys, who had represented a third party in separate litigation, relators noted that they had not been provided these records. In addition, respondents did not rescind their unsupported policy of charging one dollar per page for copies of public records until after relators commenced this mandamus action. Moreover, respondents implicitly concede that relators are entitled to an attorney fees award. Their response to the court's show cause order emphasizes that the fee issue remains unresolved due to relators' failure to substantiate the attorney fees requested.

Based on the foregoing, relators are entitled to attorney fees. See, *e.g., Wadd,* 81 Ohio St.3d at 54–55, 689 N.E.2d at 29. Relators have established a sufficient public benefit by making respondents provide access to the requested records and by having them charge a public record copy fee closer to actual cost, and respondents refused to comply for reasons that were unreasonable and unjustifiable. *State ex rel. Toledo Blade Co. v. Hancock Cty. Bd. of Commrs.* (1998), 82 Ohio St.3d 34, 37, 693 N.E.2d 787, 788–789. Accordingly, we award attorney fees to relators and order their counsel to submit a bill and documentation in support of attorney fees in accordance with DR 2–106(B).

*Judgment accordingly.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment.