THE STATE EX REL. TAXPAYERS COALITION ET AL. *v.* CITY OF LAKEWOOD ET AL.

[Cite as *State ex rel. Taxpayers Coalition v.
Lakewood* (1999), 86 Ohio St.3d 385.]

(No. 98–2295—Submitted July 28, 1999—Decided September 8, 1999.)

388

Phillips & Co., L.P.A., and Gerald W. Phillips, for relators.

Calfee, Halter & Griswold L.L.P., Albert J. Lucas and Stanley J. Dobrowski; Kevin M. Spellacy, Lakewood Director of Law, for respondents.

---

**Per Curiam.** Relators assert that they are entitled to a writ of mandamus to compel respondents to provide the requested records. More specifically, relators claim that (1) they never received mailing lists, notes related to Finance Director Ittu's September 14, 1998 presentation, notes prepared by Executive Assistant Dunn, and Social Security numbers and deferred compensation contributions on water department employee W–2 forms; (2) they received redacted W–2 forms, 1998 financial statements, and Mayor Cain's and Ittu's September 14 presentations from respondents before they filed this action, but that these records had not been timely made available to relators; (3) they received records concerning attorney fees incurred by Lakewood related to Issues 45 and 46 from respondents after they filed this action and that they had not been timely made available to them; and (4) that they received news releases, informational packets, and cover letters from third parties after they filed this action.

### I. Failure to Provide Requested Records

Relators' first contention that respondents failed to provide the requested mailing lists, notes, and unredacted W–2 forms is meritless. No additional mailing list or notes concerning Ittu's presentation existed, and respondents had

no duty to create new documents to satisfy relators' records requests. *State ex rel. Kerner v. State Teachers Retirement Bd.* (1998), 82 Ohio St.3d 273, 275, 695 N.E.2d 256, 258. We are not persuaded that merely because the city sent an informational packet to an individual not on one of the provided mailing lists, another mailing list exists. Moreover, relators did not request access to Dunn's notes, · and R.C. 149.43(C) requires a prior request as a prerequisite to a mandamus action. *State ex rel. Yant v. Conrad* (1996), 74 Ohio St.3d 681, 683, 660 N.E.2d 1211, 1213.

In addition, respondents properly redacted both Social Security numbers and deferred compensation contribution amounts from the requested W–2 forms for water department employees. See R.C. 149.43(A)(1)(p); *State ex rel. WLWT–TV5 v. Leis* (1997), 77 Ohio St.3d 357, 361, 673 N.E.2d 1365, 1369; Ohio Adm.Code 145:1–1–01(C)(6) ("All information regarding a[(n) Ohio public employee['s] deferred compensation] account shall be confidential."); cf. *State ex rel. Jones v. Myers* (C.P.1991), 61 Ohio Misc.2d 617, 622, 581 N.E.2d 629, 631. Relators claim in their reply brief that they are merely asking for "names and addresses of the employees making employee deduction[s] for deferred compensation." But they never requested the names and addresses of employees making deferred compensation contributions, and the redacted information on the specific amounts contributed by the employees to deferred compensation plans is confidential under Ohio Adm.Code 145–1–1–01(C)(6).

B. Failure to Timely Provide Records Received Before Mandamus Action

Relators next contend that, even though respondents provided access to redacted W–2 forms, 1998 financial statements, and Cain's and Ittu's September 14 presentations before relators filed this mandamus action, they are entitled to a writ of mandamus because respondents did not timely provide these records. Relators' claims, nevertheless, are moot because their complaint was limited to requesting access to records they contended had not been made available, and such access was provided before they filed this action. See, generally, *State ex rel. Nix v. Cleveland* (1998), 83 Ohio St.3d 379, 382, 700 N.E.2d 12, 15; *State ex rel. Warren v. Warner* (1999), 84 Ohio St.3d 432, 433, 704 N.E.2d 1228, 1229.

Relators assert that their claims are not moot because their complaint gave "notice" of their timeliness claims and that our decision in *State ex rel. Wadd v. Cleveland* (1998), 81 Ohio St.3d 50, 689 N.E.2d 25, requires a consideration of their claims. These claims are unpersuasive.

S.Ct.Prac.R. X(4)(B) requires the pleading of specific facts in mandamus actions in this court rather than unsupported conclusions. *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 26, 661 N.E.2d 180, 183. In addition, relators' complaint does not contain even unsupported conclusory allegations concerning their timeliness claims. *Wadd*, in which we held that a timeliness issue in a

public records case was not moot, is inapposite. The relator in that case expressly included such a claim in his complaint and specifically requested therein a writ of mandamus to compel Cleveland and its police chief to provide access to motor vehicle accident reports within eight days after accidents occur. 81 Ohio St.3d at 51, 689 N.E.2d at 27.

We, therefore, need not consider the merits of relators' claims relating to the timeliness of respondents' provision of these records. Relators could have, but did not, raise these claims in their complaint, they did not file a motion to amend their complaint, and the parties submitted evidence on the same date. Respondents have also not expressly or impliedly consented to trial of these claims under Civ.R. 15(B). See, generally, *State ex rel. Massie v. Gahanna–Jefferson Pub. Schools Bd. of Edn.* (1996), 76 Ohio St.3d 584, 589, 669 N.E.2d 839, 843; *State ex rel. BSW Development Group v. Dayton* (1998), 83 Ohio St.3d 338, 344, 699 N.E.2d 1271, 1276–1277.

Nevertheless, even if relators' complaint could be construed to have raised these claims or respondents' actions in submitting some evidence and argument on the timeliness question constitute implied consent to trial of this issue, we find that respondents acted with the requisite promptness under R.C. 149.43(B) in giving respondents access to these records.

Relators' conduct reasonably led Fagnilli to believe that they were no longer interested in inspecting the W–2 forms until relators' counsel advised her otherwise on October 22. Then she promptly assembled the forms, redacted exempt material, and made them available to relators for inspection on October 29.

The 1998 financial statements had been initially made available for review the week following the September 14 city council committee meeting. Relators' failure to inspect these records earlier than they did was largely attributable to their own inaction as well as their failure subsequently to advise respondents that they still wanted to inspect these records. See *State ex rel. Logan Daily News v. Jones* (1997), 78 Ohio St.3d 322, 324, 677 N.E.2d 1195, 1197; *State ex rel. Fant v. Tober* (May 20, 1993), Cuyahoga App. No. 63737, unreported, 1993 WL 173743, affirmed (1993), 68 Ohio St.3d 117, 623 N.E.2d 1202 ("[I]t is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue."). Relators' September 10 request sufficiently requested access to W–2 forms, but their subsequent conduct made it unclear until October 22 that they still wished to review them.

Respondents also provided access to Cain's and Ittu's September 14 presentations within a reasonable time after relators' October 1 requests. Relators erroneously assert that such access was untimely because relators should have been provided copies on September 14. Relators introduced no evidence that

*they* requested these records at that time. Instead, they refer only to general requests by unspecified "members of the public" on that date. See, *e.g.,* R.C. 149.43(B) and (C); *Yant,* 74 Ohio St.3d at 683, 660 N.E.2d at 1213. Therefore, respondents acted without delay and with reasonable speed in providing relators access to these requested records. *Wadd,* 81 Ohio St.3d at 53, 689 N.E.2d at 28.

C. Records Obtained Following Commencement of Mandamus Action

Relators' remaining claim that they did not receive a few of the requested records until after they had instituted this action is also moot. *State ex rel. Russell v. Thomas* (1999), 85 Ohio St.3d 83, 84–85, 706 N.E.2d 1251, 1253. Relators do not claim that they now desire additional copies of records that they have since received from other sources.

In addition, respondents had no duty to provide access to records related to attorney fees that either were covered by the attorney-client privilege, *Nix,* 83 Ohio St.3d at 383, 700 N.E.2d at 16, or did not exist at the time of relators' records requests. *State ex rel. Scanlon v. Deters* (1989), 45 Ohio St.3d 376, 378–379, 544 N.E.2d 680, 683 (no duty under R.C. 149.43 to supplement responses with after-acquired information). Fagnilli's comment at the September 14 city council committee meeting that approximately $2,000 in attorney fees had been expended did not mean that there were other public records responsive to relators' request. Moreover, relators did not raise their argument that the Lakewood Board of Control violated R.C. 121.22 in their complaint.

Respondents also introduced evidence that all existing news releases, information packets, and cover letters were promptly made available to relators for their review.

In sum, relators have not established that they are entitled to the requested extraordinary relief in mandamus. Respondents acted responsibly and with the requisite diligence in responding to relators' numerous requests. The vast majority of these records was made available to relators before the institution of this action. Consequently, we deny the writ and deny relators' request for attorney fees. *Logan Daily News,* 78 Ohio St.3d at 324, 677 N.E.2d at 1197 (relator was not entitled to attorney fees because his action was largely meritless).

*Writ denied.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.