JOURNAL ENTRY AND OPINION
{¶ 1} Relator Marc Evans commenced this mandamus action against the respondents, the City of Parma and Timothy Dobeck, Law Director for the City of Parma, to compel them to produce certain police records pursuant to R.C. 149.43, and for reasonable attorney fees associated with filing the writ. For the following reasons, we grant the respondents' motion for summary judgment and deny relator's request for attorney fees.
 {¶ 2} The record before this court indicates that on March 25, 2002, relator sent a letter to the records custodian of the Parma Police Department requesting copies of all logs or records of calls for service received by the Parma Police between October 1, 2001 and February 5, 2002 for a certain geographical area. Relator further requested, "all documents containing a description of each suspect in any call for service in the described time frame and copies of dispatch logs for all calls from whatever source received for this time period."
 {¶ 3} On March 28, 2002, relator received a letter from Timothy Dobeck, Law Director for the City of Parma, stating that because relator was indicted by the grand jury, all further requests should be made through the Cuyahoga County Prosecutor's office pursuant to the Rules of Criminal Procedure. In support of this position, respondent cited Stateex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420, 639 N.E.2d 83.
 {¶ 4} On April 4, 2002, in response to Mr. Dobeck's letter, relator sent a letter to Anthony Zampedro, the Assistant Law Director for the City of Parma. In that letter, relator explained that the requested records did not relate to the criminal investigation. Relator also stated that the city failed to cite any statutory exemption permitting them to withhold the records. Relator further stated that while they would submit an amended discovery demand to the Cuyahoga County Prosecutor's office, they believed the requested records were subject to immediate release and again requested that the City of Parma release the records. The record reflects that respondents failed to release the records and on May 1, 2002, relator commenced this mandamus action.
 {¶ 5} Thereafter, on May 9, 2002, respondents sent a letter to relator informing him that his request was over-broad and that the computer system is not able to retrieve records by street boundaries. However, the letter did inform relator that it was possible to retrieve records generated at the Parmatown "grid," but such search would produce approximately six hundred pages of documents for the requested time period. Respondent also informed relator that a more effective way to retrieve this information would be by specific name, address or alleged crime search.
 {¶ 6} On or about May 15, 2002, in response to this letter, relator contacted respondent and declined the offer to search for records using the Parmatown "grid." Instead, relator inquired how an alleged crime search could be conducted. After he was informed how this search would be conducted, relator requested that a search of the records be performed using eleven specific codes related to sex offenses. Based upon this request, respondent sent a letter to Dianne Good, the Communication Center Manager for the City of Parma, and asked her to print out calls for certain offense codes between the dates of September 1, 2001 and February 5, 2002 for a certain geographic area. On May 20, 2002, relator received the results of the search and inspected the records on May 22, 2002. Respondents filed their answer on May 31, 2002, and on June 11, 2002, filed a motion to dismiss which this court, sua sponte, converted to a motion for summary judgment. In the motion for summary judgment, respondents stated that the law director is not the record custodian; that relator has failed to name the records custodian of the Parma Police Department as a necessary and indispensable party; that relator failed to file a verified complaint; and that the action is moot because the records were previously provided.
 {¶ 7} Thereafter, on July 10, 2002, relator filed a brief in response to the defendant's motion stating that "defendant Dobeck's assertion that he is not the custodian of the records sought by relator belies the significant actions taken by his office to willfully frustrate relator's legitimate request for police records;" and that "relator's counsel was directed to work solely and directly with his office to obtain said records." Relator also claimed that the complaint was properly verified, and that while the records have been released, the records were only produced after filing of this mandamus action. Therefore, attorney fees should be awarded.
 {¶ 8} In both the respondents' motion for summary judgment and relator's response, the parties agree that records sought by relator have been provided. Thus, the relator's request for a writ of mandamus to produce the records is moot. State ex rel. Gantt v. Coleman (1983),6 Ohio St.3d 5, 450 N.E.2d 1163; State ex rel. Jerningham v.Cuyahoga County Court of Common Pleas (1996), 74 Ohio St.3d 278, 658 N.E.2d 723.
 {¶ 9} On August 7, 2002, this court, sua sponte, ordered relator to file a motion for attorney fees with supporting documentation. The order also allowed the respondent to file a motion in opposition with affidavits and documentation in support. On August 26, 2002, relator filed their motion for attorney fees. Attached to the motion was a copy of a bill reflecting his costs of pursuing this record request. On September 3, 2002, respondents filed their brief, with affidavits, in response to relator's motion for attorney fees arguing in part that attorney fees should not be awarded because the initial request was over-broad and not retrievable based upon the initially requested geographic area.
 {¶ 10} R.C. 149.43(C) provides: "If a person allegedly is aggrieved by the failure of a governmental unit to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section, or if a person who has requested a copy of a public record allegedly is aggrieved by the failure of a person responsible for it to make a copy available to the person in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the governmental unit or the person responsible for the public record to comply with division (B) of this section and that awards reasonable attorney fees to the person that instituted the mandamus action * * *"
 {¶ 11} "Awarding attorney fees in public records cases is discretionary and is to be determined by the presence of a public benefit conferred by relator seeking the disclosure. Moreover, since the award is punitive, reasonableness and good faith of the respondent in refusing to make disclosure may also be considered." State ex rel. Beacon JournalPublishing Co. v. Maurer (2001), 91 Ohio St.3d 54, 57, 741 N.E.2d 511
quoting State ex rel. Multimedia, Inc. v. Whalen (1990), 51 Ohio St.3d 99,100, 554 N.E.2d 1321, 1322.
 {¶ 12} A relator may also be entitled to attorney fees even if the mandamus action becomes moot. Under State ex rel. Pennington v. Gundler,75 Ohio St.3d 171, 661 N.E.2d 1049, a court may award attorney fees when (1) a person makes a proper request for a public record, (2) the custodian of the public records fails to comply with the request, (3) the requesting person files a mandamus action pursuant to R.C. 149.43 to obtain copies of the record, and (4) the person receives the record after the mandamus action is filed. See also State ex rel. Russell et al., v.Thomas et al. (1999), 85 Ohio St.3d 83, 706 N.E.2d 1251.
 {¶ 13} While we agree with relator that Steckman does not prohibit the release of routine incident reports, we are persuaded by the fact that the respondent could not retrieve the records as originally requested by relator by certain geographic boundaries.[1] Respondent does not have a duty to create a new document by searching for and compiling information from existing records. State ex rel. White v.Goldsberry (1999), 85 Ohio St.3d 153, 707 N.E.2d 496; State ex rel.Kerner v. State Teachers Retirement Bd. (1998), 82 Ohio St.3d 273,695 N.E.2d 256; See State ex rel. Lanham v. Ohio Adult Parole Auth. (1997), 80 Ohio St.3d 425, 687 N.E.2d 283, quoting State ex rel. Fant v.Tober (Apr. 28, 1993), Cuyahoga App. No. 63737. Before access to a public record is ordered, a compilation of the information sought must already exist. State ex rel. Scanlon v. Deters (1989), 45 Ohio St.3d 376,544 N.E.2d 680; Steckman; State ex rel. Kinsley v. Berea Bd. Of Edn.
(1990), 64 Ohio App.3d 659, 582 N.E.2d 653.
 {¶ 14} According to the affidavit of Dianne Good, the Communication Center Manager for the City of Parma, dispatch logs and calls for service are kept by the City of Parma within the Computer Aided Dispatch System, and such system is incapable of searching for service entries by inputing a specific geographical block of streets. Consequently, the City of Parma did not have a duty to go through the CAD system and retrieve only those service calls that corresponded to relator's specified geographic area.
 {¶ 15} As discussed above, a court may award attorney fees when a person makes a proper request for a public record; the custodian of the public records fails to comply with the request; the requesting person files a mandamus action pursuant to R.C. 149.43 to obtain copies of the record; and the person receives the record after the mandamus action is filed. Pennington.
 {¶ 16} While we find that relator has established factor two, three and four, we do not find that relator made a proper request for records. A proper request for public records is one that has merit. Stateex rel. Dillery v. Icsman, Law Dir., et al. (2001), 92 Ohio St.3d 312,750 N.E.2d 156; State ex rel. Ohio Patrolmen's Benevolent Association etal. v. City of Mentor, et al. (2000), 89 Ohio St.3d 440, 732 N.E.2d 969. In this matter, because respondent did not have a duty to create records in response to relator's request, we find relator's request to be meritless and deny his request for attorney fees.
 {¶ 17} Accordingly, we grant the respondent's motion for summary judgment and deny relator's request for attorney fees. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ. R. 58(B).
Writ denied.
 ANTHONY O. CALABRESE, JR., J. and PATRICIA ANN BLACKMON, J. concur.
[1] We are also persuaded by the fact that while the Parma CAD System is incapable of searching records by geographic area, it will recognize a pre-established patrol grid within the system. When the respondents offered to search the CAD System by a grid that closely matched the requested geographic area, relator declined the search.