[Cite as *Tentacles of Cuyahoga Cty. v. Cuyahoga Cty. Pros. Office*, 2025-Ohio-472.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| THE TENTACLES OF CUYAHOGA COUNTY<br><br>Requester<br><br>v.<br><br>CUYAHOGA COUNTY PROSECUTOR'S OFFICE<br><br>Respondent | Case No: 2024-00628PQ<br><br>Judge Lisa L. Sadler<br><br><u>DECISION & ENTRY</u> |

**{¶1}** On December 26, 2024, Requester, Scott Gardner dba the Tentacles of Cuyahoga County, timely filed objections to the Special Master's Report and Recommendation (R&R). Respondent filed a Response in opposition to Requester's objections.[1] The Court denies Requester's objections and adopts the Special Master's R&R for the reasons that follow.

### I.  Background

**{¶2}** Requester filed his Complaint regarding a denial of his request for emails between a Cuyahoga County Assistant Prosecuting Attorney and a Cuyahoga County Probation Officer with the keywords "Scott Gardner". Requester asserted that the documents requested are public records and subject to production. Requester also argued that his request was not answered in a timely manner; he submitted his request on July 18, 2024, and Respondent replied to the request on August 13, 2024.

---

[1] Requester filed a reply to Respondent's Response however, R.C. 2743.75 does not provide for such a filing, therefore, the Court will not address the filing.

Respondent identified a memo and email that was responsive to the request, however, it denied the request based on the assertion that the documents were not public records under R.C. 149.43(A)(1)(b) and (h).

{¶3} In his R&R, the Special Master recommended that Requester's claim be denied, judgment be entered for Respondent, and Requester bear the costs of this case. The Special Master found that the documents at issue are exempted from the class of public records by R.C. 149.43(A)(1)(b). The Special Master determined that the materials requested pertained and related to probation and parole proceedings; the outcome of the proceedings is immaterial. As to Requester's claim that the exemption was waived, the Special Master found that no evidence was presented that the documents were released to the public. The Special Master determined that the fact that Requester is the subject of the documents does not change the analysis. Finally, the Special Master found no unreasonable delay where Respondent replied to the request 18 working days after it was received.

{¶4} Requester objects to the Special Master's finding that no evidence existed that the documents were made public. Requester asserts that because the documents were discussed at a status hearing in criminal court, Respondent waived any claim of exemption. Requester posits that the affidavit Respondent submitted proves that the documents were discussed in open court. Requester argues that even if the Court finds that the exemption was not waived then, because his parole officer read the document to him, Respondent waived its exemption. Requester asks that the Court reject the Special Master's findings, order Respondent to produce the requested documents, and refrain from assessing costs against Requester.

{¶5} In response to Requester's objections, Respondent argues that merely referencing or discussing a document during a public proceeding does not result in a waiver of an exception, only disclosing the document to the public constitutes a waiver. Respondent asks that the Court overrule Requester's objections and adopt the R&R.

## II. Law and Analysis

{¶6} Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-4210, ¶ 16 (8th Dist.), citing *Hurt v.*

*Liberty Twp.*, 2017-Ohio-7820, ¶ 27-30 (5th Dist.). *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 32. Clear and convincing evidence "is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶7} In contrast, a public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus. In *Jones-Kelley* the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron*, 112 Ohio St.3d 351, 2006 Ohio 6714, 859 N.E.2d 948, P 30, followed.)

*Kelley* at paragraph two of the syllabus.

{¶8} R.C. 149.43(A)(1)(b) excludes records pertaining "to probation and parole proceedings" and "to proceedings related to the imposition of community control sanctions" from the definition of a public record. Upon review of the documents submitted under seal and the rest of the case file, the Court finds that the documents fall squarely into the R.C. 149.43(A)(1)(b) exemption and are not public records subject to production unless the exception is waived.

{¶9} "Exemptions are usually fully applicable absent evidence that the public office having custody of the records *disclosed* the records to the public." *State ex rel. Nix v. City of Cleveland*, 83 Ohio St.3d 379, 383 (1998) (emphasis added). The Court finds that the Special Master correctly determined that there was no such waiver in this case because Requester offered only his own unsworn statements as proof. In his objections

Requester asserted that the affidavit of one of Respondent's prosecuting attorneys stating that the document was discussed in open court is evidence that the document was disclosed to the public.  This argument is not well taken, the Court finds that mere discussion of a document in a public setting does not constitute disclosure of the document to the public.

### III.     Conclusion

{¶10} For the reasons set for the above, the Court OVERRULES Requester's objections and ADOPTS the Special Master's Report and Recommendation.  In accordance with the R&R judgement is entered for respondent and costs are assessed against Requester.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed January 8, 2025**
**Sent to S.C. Reporter 2/13/25**