[Cite as *Tentacles of Cuyahoga Cty. v. Cuyahoga Cty. Prosecutor's Office*, 2025-Ohio-2686.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

THE TENTACLES OF CUYAHOGA
COUNTY,                                          :

      Requester-Appellant,          :

                                No. 114761

      v.                                           :

CUYAHOGA COUNTY PROSECUTOR'S
OFFICE,                                          :

      Respondent-Appellee.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 31, 2025

---

Administrative Appeal from the Court of Claims
Case No. 2024-00628PQ

---

### *Appearances:*

Scott Gardner, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael J. Stewart, Assistant Prosecuting Attorney, *for appellee.*

MARY J. BOYLE, J.:

{¶ 1} Requester-appellant Scott Gardner doing business as Tentacles of Cuyahoga County (hereafter "Gardner"), appeals the decision of the Court of Claims

dismissing his complaint, brought pursuant to R.C. 2743.75, alleging a denial of access to public records. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} This case stems from a public-records request involving Gardner's underlying criminal conviction for collecting but failing to remit sales tax in violation of R.C. 5739.12(A)(1), a fourth-degree felony, while owning and operating The Tentacles of Cuyahoga County, an unincorporated entity. In March 2024, Gardner was sentenced to five years of community-control sanctions, which included, among other things, 600 hours of community service and restitution in the amount of $149,954.54 to the Ohio Department of Taxation. In June 2024, an investigator with the Ohio Department of Taxation provided the prosecutor with a memorandum titled "Probation Violation Summary" regarding Gardner. The prosecutor forwarded the memorandum via email to Gardner's probation officer. On July 24, 2024, a status hearing was held wherein the parties discussed the status of Gardner's probation and referenced the investigator's memorandum. The court, nevertheless, continued Gardner on probation without modification.

{¶ 3} Prior to the status hearing, however, Gardner made a public-records request via the respondent-appellee Cuyahoga County Prosecutor's Office's ("the CCPO") website on July 18, 2024. He requested all emails from the prosecutor to the probation officer with the key words "Scott Gardner" or the Cuyahoga C.P. No. "CR 23-682006-A." One email with the investigator's memorandum attached was identified by the CCPO containing these terms; however, Gardner's request was

denied in a letter explaining that the records requested were exempt under R.C. 149.43(A)(1)(b) (records pertaining to probation or community-control sanctions) and (A)(1)(h)(confidential law enforcement investigatory records). The letter was forwarded to Gardner on August 13, 2024.

{¶ 4} In August 2024, Gardner filed a complaint in the Court of Claims pursuant to R.C. 2743.75 alleging that the CCPO erroneously denied his request for records under the Ohio Public Records Act alleging the material requested was not exempted and the CCPO's response to his request was untimely. The parties were ordered to mediation as required by statute, which was unsuccessful. Thereafter, a schedule was set for the CCPO to file the responsive records for in camera review and for both parties to file evidence and brief their positions. The CCPO moved to dismiss the complaint pursuant to Civ.R. 12(B)(6) and R.C. 2743.73(E)(2).

{¶ 5} After the parties submitted their briefs and evidence, the special master reviewed the record including the sealed documents and recommended that the court enter judgment in favor of the CCPO finding that (1) the material requested was exempt under R.C. 149.43(A)(1)(b) as records pertaining to probation proceedings or that are related to the imposition of community-control sanctions; (2) waiver did not apply because there was no evidence that the documents were made public; (3) the CCPO did not unreasonably delay its response; and (4) Gardner should bear the costs of the case. *Tentacles of Cuyahoga Cty. v. Cuyahoga Cty. Prosecutor's Office*, 2024-Ohio-6142 (Ct. of Cl.). Gardner objected to the special

master's finding that no evidence existed that the documents were made public, and he objected to being assessed costs.

{¶ 6} The Court of Claims overruled Gardner's objections and adopted the special master's report and recommendation and entered judgment in favor of CCPO and against Gardner. *See Tentacles of Cuyahoga Cty. v. Cuyahoga Cty. Prosecutor's Office*, 2025-Ohio-472 (Ct. of Cl.). Gardner appeals raising the following assignment of error for review:

> **Assignment of Error:** The Court of Claims erred in concluding that emails exchanged between a Cuyahoga County Prosecutor and a probation officer constitute judicial records exempt from disclosure under R.C. 149.43(A)(1), rather than administrative records subject to disclosure.

## II. Law and Analysis

{¶ 7} R.C. 2743.75 was enacted to provide a prompt and economical procedure to resolve disputes involving public-records requests made under R.C. 149.43. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 11-12. Appeals taken pursuant to R.C. 2743.75(G)(1), involve mixed questions of law and fact. Therefore, we review the application of a claimed exemption de novo while according due deference to the trial court's factual findings. *Id.* at ¶ 39; *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-4210, ¶ 17 (8th Dist.).

{¶ 8} In his sole assignment, Gardner makes several arguments, including (1) that the court erred in classifying the requested records exempt under R.C. 149.43(A)(1)(b); (2) that there is evidence of waiver in the record; and (3) that

the special master should have addressed the CCPO's R.C. 149.43(A)(1)(h) exemption.[1] We find Gardner's arguments unpersuasive.

{¶ 9} Ohio's Public Records Act is codified in R.C. 149.43 and provides that upon request, a public office "shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). A "public record" is defined as any record kept by any public office including a county office. R.C. 149.43(A)(1). Ohio courts typically construe the Public Records Act liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 2018-Ohio-5133, ¶ 12. Nevertheless, the statute lists numerous exceptions. *See* R.C. 149.43(A)(1)(a)-(ii). Relevant to this case, is R.C. 149.43(A)(1)(b), which states that public records do not include:

> (b) Records pertaining to probation and parole proceedings, to proceedings related to the imposition of community control sanctions[.]

{¶ 10} R.C. 2743.75 requires that the requester, Gardner, establish by clear and convincing evidence that he is entitled to relief under the statute. *Viola*, 2021-Ohio-4210, at ¶ 16 (8th Dist.), citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, ¶ 27-

---

[1] R.C. 2743.75(F)(2) requires that any objection to the special master's report and recommendation be specific and state with particularity all grounds for the objection and be filed within seven days of receiving the report and recommendation. Likewise, "no appeal may be taken from a final order of the court of claims that adopts the special master's report and recommendation unless a timely objection to that report and recommendation was filed under division (F)(2) of this section." R.C. 2743.75(G)(1). We note that Gardner did not raise his third argument in his objections below; therefore, it will not be addressed in this appeal.

30 (5th Dist.). Clear and convincing evidence is "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. Thereafter, a governmental body refusing to release records has the burden of proving that the records are exempted from disclosure pursuant to R.C. 149.43(A). Here, the CCPO argued that the records pertained to Gardner's probation or community-control sanctions.

{¶ 11} At issue in this case is an email from the prosecutor to Gardner's probation officer, sent prior to Garner's community-control status hearing, which included a memorandum from the Ohio Department of Taxation's investigator regarding Gardner's compliance with probation. After reviewing the entire record, including the documents submitted under seal, we find that the documents fall squarely under R.C. 149.43(A)(1)(b) exemption for documents pertaining to probation or community-control sanctions and it was not error for the Court of Claims to conclude the same.

{¶ 12} Furthermore, there is no evidence in the record before this court that suggests the CCPO waived that exemption by releasing the memorandum to the public. "'Absent evidence that respondents have already disclosed the investigatory records to the public and thereby waived application of certain exemptions, the exemptions are fully applicable.'" *State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312,

316 (1991), quoting *State ex rel. WLWT-TV5 v. Leis*, 77 Ohio St.3d 357, 361 (1997).

Gardner's unsworn statement that his probation officer read the document to him

is not evidence of waiver by the CCPO. In addition, although the prosecutor

indicated in her affidavit that "the parties discussed the status of Gardner's

probation" that included "reference" to the investigator's memorandum, there is no

evidence in the record that the CCPO disclosed the requested documents to the

public. (Prosecutor Affidavit ¶ 8.)

{¶ 13} Accordingly, Gardner's sole assignment of error is overruled.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment

into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR