**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ullmann v. Klein*, Slip Opinion No. 2020-Ohio-2974.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.


SLIP OPINION NO. 2020-OHIO-2974

THE STATE EX REL. ULLMANN ET AL. *v.* KLEIN, CITY ATTY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ullmann v. Klein*, Slip Opinion No. 2020-Ohio-2974.]**

*Public records—R.C. 149.43—Mootness—Statutory damages—Complaint for writ of mandamus dismissed and motion for statutory damages granted—Writ denied as moot.*

(No. 2019-0419—Submitted January 28, 2020—Decided May 19, 2020.)

IN MANDAMUS.

————————

**Per Curiam.**

{¶ 1} In this original action, relator, Victoria E. Ullmann, seeks a writ of mandamus to compel respondent, Columbus City Attorney Zach Klein, to comply with two public-records requests she initiated on February 14, 2019.  She has named as additional relators "unknown homeowners who are similarly situated and facing illegal zoning abatement complaints brought by the city of Columbus."  She also

seeks statutory damages and an award of attorney fees. For the following reasons, we dismiss Ullmann's mandamus complaint as moot, grant her motion for statutory damages, and deny her request for attorney fees. We also deny Ullmann's motions for in camera review of redacted documents Klein provided her and for oral argument.

## I. Background

{¶ 2} On February 14, 2019, Ullman sent a public-records request by e-mail to Columbus Assistant City Attorney Stephen Dunbar in which she asked for copies of the following records:

(1) documents relating to each case the city of Columbus has filed against single-family, owner-occupied structures that are not drug-related;

(2) all interoffice memoranda or policy statements approving the filing of enforcement actions against single-family, owner-occupied structures that are not drug-related;

(3) position description for the "zone initiative coordinator";

(4) position description for the "zone clerk";

(5) all documents demonstrating how the mission statement on the city attorney's website could reasonably be interpreted to include "small amounts of peeling paint or rusty gutters," including social-science studies and urban-policy studies and interoffice memoranda or policy statements from the Columbus mayor's office;

(6) all public complaints against "1135 and 1138 Bryden Road";

(7) all documents demonstrating how public complaints are maintained by the zoning department;

(8) all documents showing the procedure for initiating abatement actions;

(9) meeting minutes and schedules for upcoming meetings of the "zoning initiative"; and

(10) all document demonstrating that "you informed Bill Hedrick that I will be filing suit against the court and your office."

{¶ 3} Ullmann sent another public-records request to Dunbar that same day asking for copies of the following records relating to her property located at 1135 Bryden Road:

(1) all documents in the city attorney's office relating to Ullmann's "hedges and [right-of-way] issues that took place within the last 5 years";

(2) all documents "indicating the city's right of way in [Ullman's] yard and how long that has existed"; and

(3) all documents "showing the city's right [of] away claim for all four corners of Bryden and Champion and the four corners of Ohio and Bryden."

{¶ 4} Ullmann filed this original action on March 22, 2019. Ullmann sought various writs against respondents Franklin County Municipal Court Judge Stephanie Mingo, Columbus Mayor Andrew Ginther, and Klein. On August 21, 2019, we dismissed Ullman's claims against Mingo and Ginther, but we granted an alternative writ as to Ullmann's mandamus claim against Klein. Both parties have submitted evidence and merit briefs, and Ullmann has filed motions for in camera review of redacted documents Klein provided her and for oral argument.

{¶ 5} Ullmann concedes that she received from Dunbar documents responsive to her public-records requests after she filed this original action. Klein acknowledges that his office did not respond to Ullman's requests before she filed this original action, but he has submitted evidence that his office provided Ullman documents responsive to her requests on May 17 and 31 and June 13, 2019. Klein has submitted an affidavit in which Columbus Assistant City Attorney Michael R. Halloran avers that he addressed each of Ullman's February 14, 2019 records requests in a May 17, 2019 letter that he sent to Ullman by e-mail. Halloran also avers that he attached a list of the city's environmental cases from January 1 through May 16, 2019, to an e-mail he sent to Ullmann on May 31, 2019, and that

he provided an explanation why portions of the records had been redacted. Halloran further avers that he sent another e-mail to Ullmann on June 13, 2019, to which he attached a list of the city's environmental cases from May 15 through December 31, 2018, and that he provided an explanation why portions of the records had been redacted. Klein has also submitted as evidence copies of Halloran's letter and e-mails to Ullman, including the attachments to the e-mails.

## II. Legal Analysis

### A. Threshold issue

{¶ 6} Before we address the merits of Ullmann's mandamus claim against Klein, we must address the scope of Ullmann's original action. As noted above, the only justiciable claim remaining is Ullmann's mandamus claim alleging that Klein failed to respond to her public-records requests.

{¶ 7} Yet, in her merit brief, Ullmann raises six propositions of law, five of which are either new claims that she did not assert in her complaint or are efforts to recast her claims against Mingo and Ginther, which have been dismissed. In proposition of law Nos. 1 through 5, Ullmann submits a variety of claims against Klein relating to his enforcement of Columbus ordinances governing public nuisances, demanding excessive fines in nuisance-abatement actions, filing receivership complaints without compensation to the affected homeowners, violating eminent-domain requirements, filing actions under Columbus City Code 4525.11 (which Ullmann claims is unconstitutional), and alleging "attacks on hundreds of people."

{¶ 8} Klein argues that we should not consider the claims that Ullman raises in proposition of law Nos. 1 through 5 because Ullmann did not include those claims in her complaint against Klein, she did not obtain leave to amend her complaint, and Klein has not consented to litigate those claims. Klein contends that our consideration of those claims would prejudice him because he submitted evidence relating only to Ullman's public-records mandamus claim.

4

{¶ 9} We find Klein's arguments on this point persuasive and therefore decline to consider the claims that Ullman raises in proposition of law Nos. 1 through 5 of her merit brief because she did not raise those claims against Klein in her complaint. *State ex rel. Massie v. Gahanna-Jefferson Pub. Schools Bd. of Edn.*, 76 Ohio St.3d 584, 589, 669 N.E.2d 839 (1996) (refusing to consider the merits of an "improperly raised claim," i.e., one that was not raised in the complaint or motion to amend the complaint).

### B. Mandamus claim against Klein

{¶ 10} In proposition of law No. 6, Ullmann contends that regardless of Klein's late production of public records responsive to her requests, she is still entitled to a writ of mandamus to compel Klein to produce unredacted documents.

{¶ 11} "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1). Although we liberally construe the Public Records Act in favor of access to public records, Ullmann "must still establish entitlement to the requested extraordinary relief by clear and convincing evidence." *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 16. Clear and convincing evidence is "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. Unlike in other mandamus cases, relators in public-records mandamus cases are not required to establish the lack of an adequate remedy in the ordinary course of law. *State ex rel. Data Trace Information Servs.,*

*L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 25.

{¶ 12} In her merit brief, Ullmann states that she "has finally gotten lots of the documents" she requested from Klein.  A public office may produce the requested records prior to the court's decision, which generally renders a claim involving the failure to produce records moot.  *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 18-22.  Ullmann does not indicate whether there are additional records she believes would be responsive to her requests nor does she identify any specific records she believes were not disclosed.  Rather, she merely asserts that she needs unredacted records "to ascertain the status of each case and whether they fall under R.C. 3767.41(A)." Because Ullmann fails to identify what public records responsive to her requests remain undisclosed or show that the documents Klein provided were unlawfully redacted (as we determine below, they were not unlawfully redacted), she is not entitled to a writ of mandamus.  We dismiss her complaint against Klein as moot.

*C. Motion for statutory damages*

{¶ 13} Klein concedes that Ullmann is entitled to an award of statutory damages in the maximum amount of $1,000.  Statutory damages are available to a public-records requester who proves by clear and convincing evidence that he or she transmitted to the public office a written request for documents by "hand delivery, electronic submission, or certified mail."  R.C. 149.43(C)(2); *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 56, 2018-Ohio-5133, 123 N.E.3d 928, ¶ 35, fn.1 (noting that R.C. 149.43(C)(2) was amended to allow public-records requests delivered by "electronic submission" to qualify for statutory damages).

{¶ 14} Ullmann's evidence demonstrates that she sent her records requests to Klein's office by e-mail.  Ullmann complied with the service requirement of R.C. 149.43(C)(2), and Klein has conceded that she is entitled to the maximum $1,000

in statutory damages. Thus, we award Ullmann statutory damages in the amount of $1,000.

### D. Request for attorney fees

{¶ 15} Ullmann has also requested in her complaint an award of attorney fees "to the extent that she benefits the class of citizens affected by illegal abatement actions." Ullmann is a licensed Ohio attorney, but regardless of that fact, she filed this original action on her own behalf and as such is considered a pro se litigant. Pro se litigants are not entitled to attorney fees. *State ex rel. Yant v. Conrad*, 74 Ohio St.3d 681, 684, 660 N.E.2d 1211 (1996). Moreover, to the extent that Ullman asks for attorney fees if she benefits a class of citizens, she has not done so. We therefore deny Ullmann's request for attorney fees.

### E. Motion for in camera review

{¶ 16} In Ullman's motion for in camera review, she asks us to order Klein to produce unredacted copies of "the list of civil cases * * * on page 4 and 115 of [Klein's] evidence and Exhibit 1 and 2 of [Ullmann's] evidence for inspection by this court." The records Ullmann seeks to have this court review in camera have been identified by Klein as "Environmental Cases Received (May 15-December 31, 2018)" and "Environmental Cases Received (January 1-May 16, 2019)."

{¶ 17} Klein redacted "the status column of the case lists [because they] contain notes, communication with clients, case status, and other information regarding the case documented by employees of the City Attorney's Office." Dunbar avers in his affidavit that "[t]he Status field on the database is used internally by attorneys, paralegals, law clerks, or administrative assistants to document notes, communication with clients, case status, or other information regarding the case." He further avers that "[t]he information within the Status field is used solely within the Zone Initiative Section in preparation for or during the pendency of a civil action."

{¶ 18} "Exceptions to the Public Records Act 'must be strictly construed against the public-records custodian, and a records custodian bears the burden of establishing the applicability of an exception.' " *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 7, quoting *State ex rel. Physicians Commt. for Responsible Medicine*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, at ¶ 28. R.C. 149.43(A)(4) defines "trial preparation record" as "any record that contains information that is specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney." Records exempted from disclosure under R.C. 149.43(A)(4) include "attorney notes of trial proceedings * * * and legal research conducted by the law department" as long as the records were "specifically compiled in reasonable anticipation of, or in defense of" civil actions. *See State ex rel. Nix v. Cleveland*, 83 Ohio St.3d 379, 384-385, 700 N.E.2d 12 (1998).

{¶ 19} Ullmann disputes Klein's assertion that he redacted only the portion of the records that qualify as trial-preparation records and contends that the reasons that Klein gave for the redactions "do not justify wholesale redaction." She "seriously doubt[s] if the redacted portions are in fact legitimate work product." According to Ullman, the source of her doubt is her "constant" work with Franklin County assistant prosecuting attorneys who "make notes on their files of status all the time." Ullmann posits that the redacted information contained in the status column of the case lists Klein provided her is "likely to some extent similar" to the status notes she has observed while working with assistant prosecuting attorneys, which is "generally information such as whether the case was continued and for what reason or if some agreement for discovery was made with counsel."

{¶ 20} Ullmann's contentions are mere speculation and do not support a decision by this court to conduct an in camera review of the redacted documents Klein provided her. In camera review is unnecessary when the basis of the request

8

for review is speculation, rather than sufficient, credible evidence. *Nix* at 384. Ullmann offers no credible evidence to overcome Klein's reasonable assertion that he redacted only the portion of the records that are excepted from disclosure under R.C. 149.43(A)(4) as trial-preparation records. We deny Ullmann's motion for in camera review.

### F. Motion for oral argument

{¶ 21} Ullmann has also filed a motion for oral argument, which Klein opposes. We have discretion to grant oral argument, and in exercising that discretion we consider whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among Ohio's courts of appeals. *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15 (decided under prior version of the Rules of Practice).

{¶ 22} Ullmann argues that oral argument is necessary in this case because "[t]he issues set forth in [her] merit brief regarding Home Rule and other statutory and constitutional issues justify" oral argument. But oral argument is not warranted in this case for several reasons. Because Ullmann's only remaining claim is her public-records mandamus claim against Klein, there are no constitutional or home-rule issues for us to consider. To the contrary, Ullmann's public-records claim is uncomplicated, the relevant facts are undisputed, and we decide this case based on existing precedents without breaking new legal ground. Moreover, Ullmann has not identified a conflict among Ohio's courts of appeals relating to her public-records claim. We deny Ullman's request for oral argument.

### III. Conclusion

{¶ 23} We dismiss Ullmann's mandamus complaint against Klein as moot and deny her requests for attorney fees, in camera review of redacted documents Klein provided her, and oral argument. However, because Klein failed to timely

produce records responsive to Ullman's public-records requests, we award statutory damages to Ullmann under R.C. 149.43(C)(2) in the amount of $1,000.

Writ denied as moot

and motion for statutory damages granted.

O'CONNOR, C.J., and FRENCH, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in part and dissents in part, with an opinion joined by FISCHER and DeWINE, JJ.

_____

**KENNEDY, J., concurring in part and dissenting in part.**

{¶ 24} I agree with the majority's decision that relator, Victoria E. Ullman, is entitled to statutory damages in the amount of $1,000 and that she is not entitled to an award of attorney fees. I dissent, however, from the majority's decision to deny Ullman's request for an in camera review of the material redacted from records respondent, Columbus City Attorney Zach Klein, produced and from the majority's decision to dismiss the complaint for a writ of mandamus against Klein as moot. Because I would order Klein to submit an unredacted copy of the records for an in camera review and would withhold ruling on the mandamus claim until after that review is complete, I concur in part and dissent in part.

{¶ 25} Klein produced records Ullman requested from a database that tracks civil cases filed by the city in the Environmental Division of the Franklin County Municipal Court. The records indicate the date a case was received, the property address, the party name or case number (if one exists), and the status of the case. Prior to releasing the records, Klein redacted the material in the status column for every case. According to the affidavit of Columbus Assistant City Attorney Stephen Dunbar, "[t]he Status field on the database is used internally by attorneys, paralegals, law clerks, or administrative assistants to document notes, communication with clients, case status, or other information regarding the case."

10

He avers that "[t]he information within the Status field is used solely within the Zone Initiative Section in preparation for or during the pendency of a civil action."

{¶ 26} Ullman asks this court to conduct an in camera review of the material redacted from the records Klein produced to determine whether the redactions are in fact trial-preparation records that are exempt from disclosure pursuant to R.C. 149.43(A)(1)(g) and (A)(4). The majority dismisses Ullman's request as supported only by her "speculation," and it relies on our decision in *State ex rel. Nix v. Cleveland*, 83 Ohio St.3d 379, 384, 700 N.E.2d 12 (1998), for the proposition that "[a]n in camera review is unnecessary when the basis of the request for review is speculation, rather than sufficient, credible evidence." Majority opinion at ¶ 20. However, the majority takes *Nix* out of context, and that decision does not support the majority's shifting the burden to Ullman to disprove that the trial-preparation-records exception applies.

{¶ 27} In *Nix*, the city of Cleveland withheld the release of records on the basis that the requested records were not public records pursuant to the Public Records Act's exception for records that are prohibited from being released by state or federal law. *Id.* at 383. This court noted that the attorney-client privilege is a state law prohibiting release of the requested records, and we agreed that "[t]he attorney notes of conversations between Cleveland Law Department attorneys and city employees named in relators' wiretapping litigation are thus privileged, as are those employees' requests to the law department for representation." *Id.*

{¶ 28} The decision in *Nix* suggests that the requesters sought an in camera review, asserting that the records were not privileged because the attorney-client communications were made for the purpose of committing or continuing a crime or fraud. *Id.* We recognized that the requesters bore the burden of going forward with evidence to show that the crime-fraud exception applied, stating, "A party invoking the crime-fraud exception must demonstrate that there is a factual basis for a showing of probable cause to believe that a crime or fraud has been committed and

that the communications were in furtherance of the crime or fraud." *Id*. at 384. We concluded that an in camera review was unnecessary, however, because the requesters had "failed to introduce sufficient, credible evidence to overcome the attorney-client privilege based on the crime-fraud exception" and instead had relied on "belief and speculation." *Id*. at 384.

{¶ 29} The majority overlooks the fact that Klein carries the burden at this stage of the proceeding to establish that the material redacted from the requested records falls within the disclosure exemption for trial-preparation records under R.C. 149.43(A)(1)(g) and (A)(4). *See State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶ 10 ("A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception"). Ullman has no burden of going forward with evidence to disprove that the exemption applies. After all, she would have to see the records to prove to this court that the material redacted was not exempt from disclosure. In the past, this court has declined "to require the disclosure of the subject records in discovery to permit relator to contest the applicability of a claimed exception." *State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 23.

{¶ 30} Rather, "[t]his court 'has consistently required an in camera inspection of records before determining whether the records are excepted from disclosure' pursuant to the Public Records Act.' " *Salemi v. Cleveland Metroparks*, 145 Ohio St.3d 408, 2016-Ohio-1192, 49 N.E.3d 1296, ¶ 33, quoting *Lanham* at ¶ 22. As the *Lanham* court explained, " '[w]hen a governmental body asserts that public records are excepted from disclosure *and such assertion is challenged*, the court must make an individualized scrutiny of the records in question.' " (Emphasis added.) *Lanham* at ¶ 22, quoting *State ex rel. Natl. Broadcasting Co. v. Cleveland*, 38 Ohio St.3d 79, 526 N.E.2d 786 (1988), paragraph four of the syllabus. "[I]t is the function of the courts to analyze the information to determine whether it is

exempt from disclosure." *State ex rel. Dispatch Printing Co. v. Columbus*, 90 Ohio St.3d 39, 41, 734 N.E.2d 797 (2000).

{¶ 31} Here, Ullman asserts that Klein has redacted information that is not exempt from disclosure as trial-preparation records under R.C. 149.43(A)(1)(g) and (A)(4). The only way to determine whether Klein properly redacted the documents is for this court to conduct an in camera review and resolve that dispute. Otherwise, how would the people ever be able to present "sufficient, credible evidence," majority opinion at ¶ 20, that the material redacted from a public record is in fact subject to disclosure when the person responsible for maintaining the record denies the requester's right to access it? And if Ohio's courts refuse to conduct an in camera review in this situation, how would the people ever know that the records custodian properly redacted the record?

{¶ 32} The majority's decision today to deny Ullman's motion for an in camera review is based on its misunderstanding of our decision in *Nix*, and the result of that misunderstanding is to improperly shift to the requester the burden to disprove the applicability of an exemption from disclosure.

{¶ 33} I therefore dissent from the majority's decision to deny Ullman's request for an in camera review and its dismissal of her mandamus action as moot. Rather than rely on Klein's statement that the redacted material is exempt from disclosure as trial-preparation records, I would order Klein to submit an unredacted copy of the records for an in camera review. For this reason, I would withhold ruling on Ullman's mandamus claim until after an in camera review is conducted. Accordingly, I concur in part and dissent in part from the court's judgment.

FISCHER and DEWINE, JJ., concur in the foregoing opinion.

———————————

Victoria E. Ullmann, pro se.

Zach Klein, Columbus City Attorney, and Michael R. Halloran, Assistant City Attorney, for respondent.

_____