[Cite as *Reigert v. State of Ohio Med. Bd.*, 2023-Ohio-1489.]

IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| JOHN REIGERT | Case No. 2022-00750PQ |
| Requester | Judge Lisa L. Sadler |
| v. | DECISION AND ENTRY |
| STATE OF OHIO MEDICAL BOARD | |
| Respondent | |

{¶1} Requester John Reigert, a self-represented litigant, and Respondent State Medical Board of Ohio separately object to a Special Master's Report and Recommendation in this public-records case. The Court overrules Requester's objections, overrules Respondent's objections, and adopts the Special Master's Report and Recommendation for reasons that follow.

I.     Background

{¶2} On October 25, 2022, Requester filed a public-records complaint against Respondent.[1]  On January 10, 2023, with leave of court, Requester filed an Amended Complaint against Respondent, stating:

Specifically, the original complaint, filed due to the extraordinary delay of the State Medical Board of Ohio to respond to public records request, is now moot as they have answered requests on 11/7/22 after requestors original Complaint was filed on 10/25/22. However, subsequent and ongoing responses for records were grossly contrary to the transparency mandate of the Ohio Public Records Act and the SMBO [State

---

[1]     In the Complaint, Requester asserted: "For over 45 days the State of Ohio Medical Board has intentionally and illegally withheld or 'slow walked' complainant's Public Records request * * * related to their case CO2020-8005 within a reasonable time in clear violation of the Ohio Public Records Request Policy IV(A)(2)(3) Applicable Time Frame * * *."

Medical Board of Ohio] Policy on Public Records Requests and made an Amended Complaint necessary.

{¶3} The matter was referred for mediation, but mediation failed to successfully resolve all disputed issues between the parties. Respondent filed a Combined Response to Complaint and Motion To Dismiss in which Respondent asked for denial "and/or" dismissal of Requester's Amended Complaint pursuant to Civ.R. 12(B)(6) and (C), R.C. 149.43, and 2743.75. A Special Master, who had been appointed in the cause, held a conference with the parties and issued an order that established filing deadlines and that required certain records to be filed under seal for in camera review.

{¶4} On March 23, 2023, the Special Master issued a Report and Recommendation (R&R). The Special Master has identified five requests by Requester and recommends an award of partial relief. The Special Master recommends that

> Respondent be ordered to produce to Requester the records copied at pp. 6-38 of "Respondent's Submissions for In Camera Review," filed March 16, 2023, that Requester recover his filing fees and other costs of this case, but that he be denied the other relief sought in his amended complaint.
>
> The *Motion for In Camera Review* be denied.

(R&R, 11.)

{¶5} On March 28, 2023, Requester filed written objections to the Special Master's Report and Recommendation. Requester's objections are accompanied by a certification attesting that the objections were served on Respondent's counsel by "regular mail."[2] On April 3, 2023, without leave of court, Requester filed a document labeled "Requestor Amendment/Addendum to his Initial Objections to the Special Master Report and Recommendation." Respondent has filed a written response in opposition to Requester's

---

[2] R.C. 2743.75(F)(2) requires an objecting party to "send[] a copy [of the objections] to the other party by certified mail, return receipt requested." Requester failed to comply with R.C. 2743.75(F)(2) because, according to Requester's certification, Requester sent a copy of his objections to Respondent's counsel by "regular mail." The Court recognizes that Requester is a self-represented litigant but, even so, Requester still is required to follow procedural law and court rules. *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764, ¶ 10.

objections, as amended, with a certification attesting that a copy of its response was served on Requester by certified mail.[3]

{¶6} On April 6, 2023, Respondent filed written objections to the Special Master's Report and Recommendation, accompanied by a certification that a copy of the objections was served on Requester by certified mail. On April 11, 2023, Requester filed a response in opposition to Respondent's objections, which is accompanied by a certification attesting that Requester served a copy of the response on Respondent's counsel by "regular mail."[4]

## II. Law and Analysis

{¶7} The General Assembly has created an alternative means to resolve public-records disputes through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. *See* R.C. 2743.75(A). Under Ohio law, a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 8th Dist. Cuyahoga No. 110315, 2021-Ohio-4210, ¶ 16, citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 32. It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8.

{¶8} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-*

---

[3] Since Respondent has responded to Requester's objections, as amended, Respondent does not appear to have been prejudiced by Requester's failure to seek leave before filing the statutorily unauthorized "Amendment/Addendum." *See Black's Law Dictionary* 1428 (11th Ed. 2019) (defining "prejudice" as "[d]amage or detriment to one's legal rights or claims"). Absent any apparent prejudice to Respondent, the Court will consider Requester's objections, as amended, and Respondent's response to Requester's objections, as amended.

[4] R.C. 2743.75(F)(2) requires a response to another party's objection to be sent by certified mail, return receipt requested. *See* R.C. 2743.75(F)(2). Requester has failed to comply with R.C. 2743.75(F)(2) because Requester sent his response to Respondent's counsel by "regular mail."

*Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus. In *Jones-Kelley*, the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006 Ohio 6714, 859 N.E.2d 948, P 30, followed.)

*Kelley* at paragraph two of the syllabus.

### B. Requester's objections are not persuasive.

{¶**9**} Under R.C. 2743.75(F)(2) any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection." Requester asserts in his objections: "The Special Masters denial in Claim 1 fails when Requestor cannot find any reference in the Respondent's public records denial, quoted earlier by the Special Master, to any improper request for 'information' instead of a 'record'." Requester further asserts: "In the case of Claim 1, the plain language of the request itself may not be perfect but a request for the 'name of the investigator', his 'years of experience', his 'qualifications' and his 'prior employment', can only be interpreted, by any reasonable person, as a request for an SMBO employee's personnel record." Requester also contends that that the Special Master "did not 'liberally' construe that Requester's request language in Claim 1 that occurred due to the fact that the Requester is a pro se, first time requester who, despite not knowing the complex laws that regulate public records requests."

{¶**10**} With respect to Request 1 (i.e., Claim 1), Requester's request for the "name of the investigator," his "years of experience," his "qualifications" and his "prior employment," supports the Special Master's conclusion that Request 1 seeks certain information, rather than specific records. *See, e.g., State ex rel. Lanham v. State Adult Parole Auth.*, 80 Ohio St.3d 425, 427, 687 N.E.2d 283 (1997); *State ex rel. Thomas v. Ohio State Univ.*, 70 Ohio St. 3d 1438, 638 N.E.2d 1041 (1994), citing *State ex rel. Fant v. Tober*, 8th Dist. Cuyahoga NO. 63737, 1993 Ohio App. LEXIS 2591, (Apr. 28, 1993).

{¶11} Here, Requester has a responsibility to identify with reasonable clarity the public records at issue. *See State ex rel. Morgan v. City of New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 29, quoting *State ex rel. Fant v. Tober* (Apr. 28, 1993), Cuyahoga App. No. 63737, 1993 WL 173743, * 1, *affirmed in State ex rel. Fant v. Tober* (1993), 68 Ohio St.3d 117, 623 N.E.2d 1202 (explaining that it "'is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue'"). In Request 1 Requester identified information that he sought with reasonable clarity, but he failed to identify with clarity the public records that he sought.

{¶12} Additionally, even though a court is required to liberally construe R.C. 149.43 in favor of broad access, this does not mean that a court must liberally construe facts in a particular case in favor of a requester. *See State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996) ("R.C. 149.43 is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records"). *Kosky v. Am. Gen. Corp*, 7th Dist. Belmont No. 03 BE 31, 2004-Ohio-1541, ¶ 20 ("[t]he fact that a court must liberally construe a statute in favor of a claimant does not mean it must liberally construe the facts in a particular case in favor of the claimant").

{¶13} With respect to Request 2, as well as Requests 3 and 4, Requester essentially contends that the Special Master erred when he relies on the plain language of Respondent's response stating that "there are no responsive public records" as meaning that no records exist**.** It is Requester's burden to prove, by clear and convincing evidence, that the records that he requested exist and are public records maintained by Respondent. *See State ex rel. Cordell*, *supra*, at ¶ 8; *Welsh-Huggins*, *supra,* at ¶ 32. Upon independent review, the Court finds that Requester has not sustained his burden by clear and convincing evidence. *See Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus (holding that clear and convincing evidence "is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established").

{¶14} Requester further contends that the Special Master erred in dismissing his motion for in camera review. The Court finds no error with the Special Master's recommendation to deny Requester's motion for in camera review. As the Supreme Court of Ohio has remarked, "In camera review is unnecessary when the basis of the request for review is speculation, rather than sufficient, credible evidence." *State ex rel. Ullmann v. Klein*, 160 Ohio St.3d 457, 2020-Ohio-2974, 158 N.E.3d 580, ¶ 20.

**C. Respondent's objections are not persuasive**.

{¶15} Respondent urges that the Special Master did not properly apply Ohio Supreme Court case law interpreting Respondent's confidentiality statute, and ignored the confidential information that would be revealed if Respondent were required to respond to Requester's request. Respondent further urges that the Special Master incorrectly stated that Respondent did not present any "extrinsic evidence" in support of its position, as Respondent attached an affidavit of in-house counsel David Katko to Respondent's Motion To Dismiss of February 13, 2023. Respondent maintains that the identities of uncharged physicians are confidential pursuant to R.C. 4731.22(F)(5) and that investigative techniques and actions are protected under the confidential law enforcement investigatory records (CLEIRs) exception.[5] Respondent asks this Court to modify the Special Master's conclusions and rule in favor of Respondent in all respects.

{¶16} Respondent's claims of error fail to persuade the Court for several reasons.

{¶17} First, despite the Special Master's statement that Respondent's submission for in camera review was not supplemented with "extrinsic evidence," *see* R&R at 7, a plain reading of the Report and Recommendation shows that the Special Master did review the affidavit of David Katko, which was attached to Respondent's Motion To Dismiss of February 13, 2023. *See* R&R, at 5 ("The Board initially asserted that no responsive records existed when it first responded to this request. It ratified that assertion in an affidavit submitted in its response Mr. Reigert's complaint. *MTD*, p. 16, ¶12, p. 38"). Moreover, with the records that Respondent submitted under seal, there is another affidavit of David Katko (Katko Affidavit, dated March 14, 2023), which the Court has considered in ruling on Respondent's objections. The Court finds no

---

[5]    Confidential law enforcement investigatory records (CLEIRs) are not public records. R.C. 149.43(A)(1)(h).

prejudicial error resulting from the Special Master's statement that the records filed under seal were not supplemented with "extrinsic evidence."

{¶18} Second, R.C. 4731.22 concerns disciplinary actions by Respondent. Pursuant to R.C. 4731.22(F)(5), a "report required to be submitted to the board under [R.C. Chapter 4731], a complaint, or information received by the board pursuant to an investigation or pursuant to an inspection under [R.C. 4731.054(E)] is confidential and not subject to discovery in any civil action." Based on the Court's independent review, the Court finds that the Special Master correctly noted that the records recommended for disclosure "are personnel records unrelated to any investigation, so they do not contain information received by pursuant to an investigation. They do not contain patient records or provide any information about patients, complainants, physicians under investigation, witnesses, or any other persons whose confidentiality right is implicated by an investigation. They are outside the scope of R.C. 4731.22(F)(5)." (R&R, 7.)

{¶19} Third, Respondent's contention that, in the context of Requester's request, producing responsive records would reveal confidential information is not sufficiently supported. In Mr. David Katko's affidavit that accompanies the records filed under seal, Katko avers:

> In response to Mr. Reigert's Complaint number 3, which asked The Board to "Provide all records that identify all employees of SMBO that contributed to the Standards Review of case 2020-8005 and the medical qualifications of each[,]" *attached are the personnel records responsive to this Complaint*, marked as Exhibits 14-21.

(Emphasis added.) (Katko Affidavit, dated March 14, 2023, at paragraph 6.). Through Katko's Affidavit of March 14, 2023, the Board thus tacitly admits that, with respect to Requester's Request 3, responsive records, i.e., personnel records, do indeed exist. Such a tacit admission contradicts Respondent's response to Requester's Request 3 in which Respondent stated, "There are no responsive public records." (R&R, at 6; Katko Affidavit, dated February 13, 2023, paragraph 12.)

{¶20} Respondent nonetheless urges: "Although personnel records standing alone are not inherently confidential, in the context of Mr. Requester's request,

*producing* responsive records would reveal confidential information." (Emphasis sic.) (Objections at 6.) Respondent contends that producing records in response to Requesters' request would reveal the identity of an uncharged physician, as well as investigative techniques and actions that Respondent may have taken in an investigation in violation of R.C. 4731.22(F)(5) and the CLEIRs exception.

{¶21} Based on the Court's independent review of the records provided under seal to Request 3, the personnel records submitted for in camera review do not reveal the identity of an uncharged physician or investigative techniques and actions. Under R.C. 149.43(A)(2), a confidential law enforcement investigatory record

> means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:
>
> (a) The identity of a suspect who has not been charged with the offense to which the record pertains, or of an information source or witness to whom confidentiality has been reasonably promised;
>
> (b) Information provided by an information source or witness to whom confidentiality has been reasonably promised, which information would reasonably tend to disclose the source's or witness's identity;
>
> (c) Specific confidential investigatory techniques or procedures or specific investigatory work product;
>
> (d) Information that would endanger the life or physical safety of law enforcement personnel, a crime victim, a witness, or a confidential information source.

R.C. 149.43(A)(2). In *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, the Supreme Court of Ohio explained that the CLEIRs exception "applies only to those portions of records that, if released, would create a high probability of disclosure of the suspect's identity. We have held that records are exempt under the uncharged-suspect exception when 'the protected identities of uncharged suspects are inextricably intertwined with the investigatory records.'" *State*

*ex rel. Rocker* at ¶ 11, quoting *State ex rel. Master v. Cleveland*, 76 Ohio St.3d 340, 342, 667 N.E.2d 974 (1996).

**{¶22}** Application of the CLEIRs exception to some records in an investigative file fails to automatically create a blanket exemption covering all records in an investigative file. *See Rocker* at ¶ 14. Recently, the Ohio Supreme Court explained that

> under [its] precedent, it is not enough to say that a record is *probably* within a statutorily prescribed exemption: the public office or records custodian must show "that the requested record falls *squarely* within the exemption." *State ex rel. Cincinnati Enquirer v. Jones-Kelly*, 118 Ohio St.3d 81, 2008-Ohio-1770, 888 N.E.2d 206, at paragraph two of the syllabus. And we must "construe R.C. 149.43 liberally in favor of broad access and resolve any doubt in favor of disclosure." *State ex rel. Cincinnati Enquirer v. Ohio Dept. of Pub. Safety*, 148 Ohio St.3d 433, 2016-Ohio-7987, 71 N.E.3d 258, at ¶ 28.

(Emphasis sic.) *Welsh-Huggins*, at ¶ 63.

**{¶23}** Applying *Rocker* and *Welsh-Huggins*, and upon independent review, the Court cannot conclude that Respondent has shown that the records that the Special Master has recommended for disclosure squarely fall within the CLEIRs exception because the release of the recommended records would create a high probability of disclosure of (a) "[t]he identity of a suspect who has not been charged with the offense to which the record pertains, or of an information source or witness to whom confidentiality has been reasonably promised; (b) [i]nformation provided by an information source or witness to whom confidentiality has been reasonably promised, which information would reasonably tend to disclose the source's or witness's identity; (c) [s]pecific confidential investigatory techniques or procedures or specific investigatory work product; [or] (d) [i]nformation that would endanger the life or physical safety of law enforcement personnel, a crime victim, a witness, or a confidential information source." R.C. 149.43(A)(2).

**{¶24}** Respondent acknowledges in its objections that, in *Narciso v. Powell Police Dept.*, Ct. of Cl. No. 2018-01195PQ, 2018-Ohio-4590, ¶ 30, adopted by Ct. of Cl. No. 2018-01195PQ, 2018-Ohio-5017, this Court rejected a similar argument advanced by

Respondent in this case concerning the application of the CLEIRs exception. Respondent states, "For purposes of possible appeal, the Board respectfully submits that this portion of *Narciso* was wrongly decided." (Objections, 9.)   To the extent that Respondent invites the Court to revisit *Narciso*, the Court declines Respondent's invitation as *Narciso* is factually distinguishable and *Narciso* is not the sole basis for the Court's ruling on Respondent's objections.

{¶25} In sum, having concluded that the parties' objections are unpersuasive, the Court finds that the Special Master's Report and Recommendation should be adopted and that Respondent has denied Requester access to public records in violation of R.C. 149.43(B).  Consequently, Requester is entitled to relief under R.C. 2743.75(F)(3).

### III.    Conclusion

{¶26} The Court overrules both parties' objections, adopts the Special Master's Report and Recommendation, and denies Requester's Motion For In Camera Review for reasons set forth above.  Respondent is ORDERED to produce to Requester the records copied at pp. 6-38 of "Respondent's Submissions for In Camera Review," filed on March 16, 2023.[6]

{¶27} Accordingly, Requester is entitled to recover from Respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by the Requester, excepting attorney fees.  Court costs are assessed against Respondent.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER

---

[6]    The Special Master states in footnote 1 of the Report and Recommendation, "All references to specific pages of matters filed in this case are to pages of the PDF copies posted on the Court's docket, rather than to any internal pagination of the filings."  (R&R, 1.)  Pages 6-38 of the PDF thus begins with "Exhibit 14" (page 6 of the PDF) and continues through "Exhibit 21" (page 38 of the PDF).

_____
Judge

**Filed April 19, 2023**
**Sent to S.C. Reporter 5/4/23**